UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RLIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-209 |
| | § | |
| | § | |
| CERNER CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM & ORDER**

Defendant Cerner Corporation moves for partial summary judgment on the issue of willful infringement (Docket Entry No. 79-1). To establish willful infringement, the evidence must show that (1) Cerner acted with an objectively high likelihood that its actions constituted infringement of a valid patent, and (2) that risk was subjectively "known or so obvious that it should have been known" to Cerner. *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012). While accused infringers (such as Allscripts in the related case) commonly contest willfulness by pointing to the uncertain scope of the patent or the plausibility of defenses, Cerner challenges the test at a far more

1

basic level: Cerner argues that it had no knowledge that RLIS's patents existed and thus it cannot have willfully infringed them.[1]

Based on the evidence in the record, the jury could reasonably find that Cerner knew about both of the RLIS patents. With respect to the '948 patent, RLIS's strongest evidence is an email sent by a Cerner executive who met with a vice president of RLIS. After the meeting, the Cerner executive was under the impression that RLIS had been granted a patent:

> What was even more interesting was the fact that [RLIS] w[as] granted a patent . . . . The patent is currently still "hidden" under the 2-year limit, but it is their lawyer's opinion that . . . Cerner, and all the other companies that are pursuing systems that replace dictation with structured-data-capture followed by algorithmic text generation . . . are all in violation of the patent. Mr. Lynch hinted that the RLIS strategy is to . . . go after . . . companies for infringement.

Docket Entry No. 93-2 at 3.

To counter this direct evidence of knowledge, Cerner points to a twist: The Cerner executive was under a mistaken impression as RLIS had not yet been granted a patent. The email is dated October 1997, but the '948 patent did not issue until September 1998. Citing cases holding that knowledge of nothing more

---

[1] Cerner also argues—and RLIS does not dispute—that RLIS is not entitled to any willfulness damages based solely on post filing conduct because RLIS did not seek a preliminary injunction. *See In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."). The motion is granted to that extent.

than the application for a patent cannot prove willfulness, Cerner contends that the email cannot prove it knew about RLIS's nonexistent patent. *See, e.g.*, *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("A 'patent pending' notice gives one no knowledge whatsoever.").

The relevant inquiry, however, is Cerner's subjective knowledge of the '948 patent. And the key timeframe for that inquiry is when the alleged infringement took place. *See, e.g.*, *SSL Servs., LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1090–92 (Fed. Cir. 2014) (focusing on knowledge at the time of infringement). If Cerner believed that a patent existed even before it did, the jury could certainly find that Cerner continued to believe RLIS had a patent at the time it infringed. Of course, if the application for the '948 patent had never been granted, there would be no lawsuit. Because the application was granted, however, Cerner's actual, albeit mistakenly premature, knowledge of its existence can support a claim of willful infringement. That subjective belief distinguishes this case from those cited by Cerner, in which the infringers did not know whether a patent would issue. *Compare State Indus.*, 751 F.2d at 1236 (reasoning that notice cannot give knowledge when the issuance of a patent "is something totally unforeseeable").[2]

---

[2] As noted, Cerner fails to put forward any alternative argument that it should prevail even if the Court finds sufficient evidence that Cerner knew the patent existed. For example, assuming Cerner knew about the patent, Cerner never contests that it had knowledge regarding the risk of infringement. Perhaps this is because—as the email shows—RLIS warned Cerner that its technology infringed. At any rate, the Court limits its decision to the argument made by Cerner.

But the email with this timing issue is not all that could lead a jury to conclude Cerner knew about the '948 patent. Cerner Innovation—a subsidiary of the defendant—prosecuted patent applications of its own after RLIS's patents had issued. Two of its applications cited the '948 patent and three of them cited the '436 continuation patent.[3] Multiple direct citations to both patents suggests that Cerner knew about RLIS's patents and their contents, differentiating this case from those involving attenuated references. *Compare Eon Corp. IP Holdings, LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 532–34 (D. Del. 2011) (rejecting evidence of knowledge based on a licensing agreement as "too tenuous" because the licensing agreement did not directly cite the relevant patent); *Uniloc USA v. Microsoft Corp.*, 640 F. Supp. 2d 150, 178 (D.R.I. 2009) (rejecting willfulness because the infringement took place prior to the defendant citing the plaintiff's patent in its own application); *IpVenture Inc. v. Lenovo Group Ltd.*, 2012 WL 2564893, at *2 (D. Dec. 2012) (rejecting willfulness because the only linkage between the relevant patents and the defendant's technology was similar subject matter).

Cerner asks the Court to disregard the references to RLIS's patents in these patent applications because they were prosecuted by a legally distinct subsidiary. However, Cerner and its subsidiary had intimate ties—the subsidiary is 100% Cerner owned and licenses its patents to Cerner. A jury, therefore, could

---

[3] U.S. Patent Nos. 7,464,021 and 8,082,280 cite the '948 patent; U.S. Patent Nos. 8,000,978, 7,711,579, and 8,190,447 cite the '436 patent.

reasonably infer that Cerner had knowledge of the patent applications filed by its subsidiary. *See SSL Servs.*, 769 F.3d at 1092 (holding that sufficient evidence of knowledge existed based on agreements that "specifically identified" the relevant patent and testimony that the defendant "knew of the [relevant] patent as a result of [its] relationship" with another company).

If all this is not enough, there is something more: a Cerner employee said in a deposition that Cerner had "an awareness of [RLIS's '436] patent." Docket Entry No. 93-4 at 7–9. In conjunction with the 1997 email and the repeated citations to RLIS's patents in the subsidiaries' patent applications, this admission would allow a jury to reasonably find that Cerner knew about the patents. Accordingly, Cerner's Motion for Partial Summary Judgment of No Willful Infringement (Docket Entry No. 79-1) is **DENIED**.

**SIGNED** this 17th day of December, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.