UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RLIS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-209 |
| | § | |
| | § | |
| CERNER CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND ORDER

After a trial in this patent infringement case, the jury returned verdicts that

Cerner Corporation did not infringe RLIS's patents and those patents were invalid.

Cerner has submitted its bill of costs totaling $302,259.80 (Docket Entries No.

249-1).[1]  RLIS objects, conceding only that $43,803.52 should be awarded.  RLIS

contends that costs should not be awarded for certain transcription costs, all

technical support and trial graphic costs, and the vast majority of copying costs

(Docket Entry No. 245).

## I.    BACKGROUND

---

[1] Cerner initially submitted a bill of costs totaling $315,360.89 (Docket Entry No. 240), but amended its request after realizing that its initial submission contained expenses not incurred in this case.

1

Cerner prevailed in this case by obtaining verdicts of noninfringement and invalidity.  Therefore, under Rule 54(d), the Court may award costs listed in 28 U.S.C. § 1920, a statute that is strictly construed in the Fifth Circuit.  *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *see also Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (holding that regional circuit law governs what costs should be awarded).  The vast majority of Cerner's costs are for transcription, graphics creation and technical support at trial, and photocopying, which Cerner contends it is entitled to under the following subsections of Section 1920:

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> …
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

## II.   TRANSCRIPTION COSTS

Cerner seeks to recover $53,271.78 in costs under to Section 1920(2) for deposition and trial transcription costs.  RLIS concedes that Cerner may recover a single videotape and a single transcript for each deposition, but says the remaining costs—roughly $13,972.89[2]—fall outside the scope of Section 1920 because they were not necessary to the case.  RLIS's objections target three specific categories

---

[2] This number reflects RLIS's objection to Cerner's original bill of costs.  RLIS has not submitted revised objections to Cerner's amended bill of costs that removed parking charges and a discrepancy in one deposition.

2

of expenses: those associated with obtaining expedited transcripts of depositions, those for the real-time transcript during the course of the trial, and those for multiple types and copies of deposition transcripts.

The Court overrules RLIS's objection with respect to the first two categories. "[T]he extra cost of obtaining a . . . transcript on an expedited basis is not taxable . . . unless the special character of the litigation necessitates the expedited receipt of the transcripts." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 903 (5th Cir. 2009) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (holding that the same rule applies to deposition and trial transcripts)). Rush costs for depositions and the real-time transcripts at trial are often necessary when the case is sufficiently complicated that having the transcript immediately is required to efficiently and effectively litigate the case. *See, e.g.*, *West v. Perry*, 2009 WL 2225579, at *4 (E.D. Tex. July 23, 2009) (awarding costs for expedited transcripts because "Defendants needed to reference past trial events to properly build their case, prepare motions for judgment as a matter of law, and to prepare closing arguments"), *aff'd*, 392 F. App'x 328, 329 (5th Cir. 2010) (affirming the "award[ of] costs to defendants for expedited trial transcripts"); *see also Kinzenbaw v. Case LLC*, 2006 WL 1096683, at *6 (Fed. Cir. Apr. 26, 2006) (affirming an award of costs for a real-time transcript).

Here, the litigation was of the nature that Cerner should recover the rush delivery and real-time transcript costs it seeks under 1920(2) because they were necessarily obtained for use in the case.  It was necessary for Cerner to incur the expedited deposition transcription expenses in order for Cerner to timely file its dispositive motion briefing with the Court, as excusable delays in the litigation forced the depositions to be taken a short time before the initial dispositive motion deadline.[3]  Similar reasoning applies with greater force to the real-time trial transcripts, given the complexity of the testimony, the lengthiness of the record, late-breaking issues, and numerous motions filed during the course of the trial.  *See generally* Docket Entry No. 251 (Order on Motion for New Trial) (detailing the ways the case changed as the trial progressed).

The Court sustains, however, RLIS's objection to the cost of multiple deposition transcripts, including charges for real-time, rough, condensed, e-transcript, and e-CD versions.  As RLIS concedes, Cerner may obtain both one videotape and one transcript for each deposition.  *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 466 (8th Cir. 2015) ("There are many circumstances where both printed and electronically recorded transcripts are 'necessarily obtained for use in the

---

[3] The Court initially set May 19, 2014 as the deadline for dispositive motions (Docket Entry No. 65), and the relevant depositions were taken a short period before that date.  This was not a result of Cerner sitting on its hands, but because of other excusable delays in the litigation.  *E.g.*, Docket Entry No. 64 (RLIS's request for continuance based on personal issues experienced by its lead counsel).

4

case.'" (citing *Eolas Tech.*, 891 F. Supp. 2d at 805–06 ("Absent a qualifying 'either,' 'or' is typically interpreted in the inclusive manner.   Thus, § 1920(2) permits costs to be taxed for both printed and electronically recorded transcripts so long as they are 'necessarily obtained for use in the case.'"))).   Cerner has not explained why additional deposition transcripts were necessary or cited authority awarding costs for additional types of deposition transcripts.  Because it had a copy of the videotape and transcript, it was not necessary (even if helpful) to have the other copies of the transcripts. The Court therefore denies these costs.  *See, e.g.*, *WesternGeco L.L.C. v. ION Geophysical Corp.*, 953 F. Supp. 2d 731, 761 (S.D. Tex. 2013) (denying costs for rough drafts of depositions); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 450 (W.D. Tex. 2010) (denying costs for multiple types of electronic transcripts because "[w]hile these resources were undoubtedly useful in the drafting of motions and preparation for trial, the Court finds that they were primarily a convenience to the parties"); *Weathersby v. One Source Mfg. Tech., L.L.C.,* 2009 WL 8747824, at *7 (W.D. Tex. Apr. 2, 2009) (denying costs for a condensed transcript, rough transcript, and e-transcript as "excessive and unreasonable").

Finally, RLIS makes a general objection that Cerner failed to apportion costs between itself and Allscripts, the other defendant that RLIS asserted infringed the '436 and '948 patents and which conducted discovery jointly with Cerner.

However, the documentation submitted by Cerner shows that it alone paid its invoices, making Allscripts' expenses irrelevant to Cerner's costs.  *See Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 373–74 (5th Cir. 1999) (affirming an award of costs even for the portions of depositions that were not significantly used at trial).

### III.   AV & GRAPHICS/ANIMATION COSTS

Cerner seeks to recover $239,150.48 in exemplification costs under § 1920(4), which includes $32,315.00 for its audio/visual technician Marie Roberts, $206,319.36 for its graphics/animation consultant Chicago Winter Company LLP, $205.00 for a computer program to label trial exhibits, and $305.50 for certified copies of the patent prosecution history.  RLIS objects to these costs as neither listed in Section 1920(4) nor necessarily obtained for use in the case.

This is where the law that the Court must apply doesn't make a lot of sense. Section 1920(4) permits "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Neither a plain reading of the statute nor its purpose suggest the Court should distinguish between the types of exemplification costs sought by Cerner.  One could understand a narrow reading of this provision that excluded an award of costs for both creating the graphics and the labor cost of displaying the graphics and other exhibits at trial.  One could also understand a broad reading that awarded

6

costs for both.  If any distinction seems supported by the statute, the costs of creating and producing graphics to be used at trial seems a better fit than does the labor costs for a technician at trial.  The best reading of Fifth Circuit law, however, is that it permits recovery of charges for technical support at trial, but prohibits recovery of the cost to prepare trial graphics and animations.  *Compare J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) (affirming a district court award of costs that "disallowed costs for the preparation of certain charts, but allowed expenses incurred in connection with the operation of projection equipment"); *Favata v. Nat'l Oilwell Varco, LP*, 2014 WL 5822781, at *4–*5 (S.D. Tex. Nov. 10, 2014) (listing numerous cases that awarded costs for an AV technician at trial), *with Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374–78 (Fed. Cir. 2006) (holding that a narrow construction of § 1920(4) prohibits recovery of costs for "preparing trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations" and suggesting that the Fifth Circuit has adopted that narrow construction (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (affirming denial of costs "for 'blow-ups' used at trial" because "[t]hese expenses are not included in § 1920 and therefore are not recoverable")); *Kinzenbaw v. Case LLC*, 2006 WL 1096683, at *4 (Fed. Cir. Apr. 26, 2006) (unpublished) (reversing an award of costs for "a trial consulting service, Trial Graphix, Inc., to prepare, manage, and present

exhibits and graphics presentations"). The cases cited by Cerner support this distinction, as they almost uniformly involved an award for trial technical support rather than preparation of graphics or demonstratives. The one case Cerner cites that does not clearly support this distinction fails to address the issue at all. *See Fractus, S.A. v. Samsung Electronics Co.*, No. 6:09-cv-203, Docket Entries Nos. 1032, 1113, 1120, 1124 (E.D. Tex. July 23, 2012) (awarding costs based on a joint stipulation by the parties as to the amount of recoverable costs).

Alas, the Court must follow the line the Fifth Circuit has drawn and will award reasonable and necessary costs related to the AV technician at trial, but will not award costs for preparation of graphics, animation, or other demonstratives. The record is insufficient to evaluate which costs fall into which category. For example, it appears that nearly all of the fees paid to Chicago Winter were for the preparation of demonstratives, graphics, animations, and slides, but there are some ambiguous entries on the January 23, 2015 invoice. And while the expenses of Marie Roberts (Cerner's trial technician) appear to relate primarily to providing technical support for the trial presentation itself (for example, setting up the AV and running it during Cerner's case), there also appear to be expenses that do not (for example, demonstrative creation, replying to emails, and developing closing). In submitting a new bill of costs, Cerner should include costs for providing technical support at trial, but exclude other costs for its technical consultants.

That leaves the two smaller items in this category.  The Court overrules RLIS's objection to the small cost ($205) for the computer program that labelled trial exhibits.  Requiring Cerner to manually label each exhibit, which would have requiring printing the voluminous exhibits and then scanning them back into the computer program used to display them in court, would have increased other exemplifications and substantially increased the amount of time it took to prepare exhibits for trial.  RLIS points to unidentified free software that could have performed this task, but the relatively minor cost of the software Cerner chose that it knew would be compatible with its trial software is reasonable.  The Court therefore finds the cost of this program necessary and recoverable under § 1920(4).

The Court also overrules RLIS's objection to the certified copy of the patent prosecution history.  Having a certified prosecution history was necessary to admit the documents into evidence and ensure truthful presentation to the jury.  *See MGM Well Services, Inc. v. Mega Lift Sys., LLC*, 2007 WL 1695169, at *1 (S.D. Tex. June 12, 2007) (permitting recovery for costs of "a certified copy of the file history of the patent-in-suit . . . so that it would be admissible in evidence over objection").

## IV.   COPYING COSTS

Cerner seeks to recover $21,237.54 in costs under Section 1920(4) for copying and in-house processing and hosting of electronic documents.  RLIS

objects to the $4,584.73 Cerner spent on renting a copier for trial, $182.38 for the purchase of a printer, and $13,667.23 in non-itemized copying costs.

The Court overrules RLIS's objection to the costs for renting the copier and purchasing the printer for trial. Both parties needed to copy and print documents around the clock to try to this complicated case that involved numerous filings during trial and a fast-paced trial schedule. Some of the copies were no doubt needed in the wee hours of the morning when no one could say it would have been reasonable to make the two-hour roundtrip from Galveston to the Houston office of Cerner's counsel. The Court therefore finds these costs necessary for "making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4).

The Court also overrules RLIS's general objection to the non-itemized copying costs. RLIS argues that the lack of itemization makes it impossible to evaluate which copies were necessary and therefore the award should be reduced or denied. *See Freeny v. Apple Inc.*, 2014 WL 6847808, at *2–*3 (E.D. Tex. Dec. 4, 2014) (collecting cases that discuss the requirements to recover the cost of photocopying and the resulting reductions or outright denials for parties that failed to do so). However, a party does not need "to identify every xerox copy made for use in the course of legal proceedings," especially complex patent cases such as this one. *Fogleman*, 920 F.2d at 286; *see also Summit Tech.*, 435 F.3d at 1378–79

10

("[I]n complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation.").  The Fifth Circuit has affirmed an award of costs for photocopying based on invoices with a brief description of the copying charges and an affidavit that they were necessarily obtained for use in the case.  *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 574–75 (5th Cir. 2005); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir. 2003).  Here, Cerner submitted its photocopying costs, the invoices for each cost with a brief description of what it entailed, and an affidavit stating that each of those photocopies was necessarily obtained for use in the case.  The affidavit is credible and along with the invoices is sufficient to conclude that generally these costs were necessary for the case.  A blanket reduction or rejection of copying cost is therefore unwarranted.

However, the Court finds the record insufficient to outright approve all the copying costs Cerner seeks.  Under Section 1920(4), "[t]he [losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's Xerox machines."  *Fogleman*, 920 F.2d at 286.  In submitting its new bill of costs, Cerner should exclude expenses that fall in the latter categories.

11

## V.   CONCLUSION

The Court **ORDERS** Cerner to resubmit an agreed Bill of Costs to the clerk consistent with this ruling.  Prior to that filing, the parties shall meet and confer to avoid presenting additional disputes about costs, often involving negligible sums in the context of this multimillion dollar case, to the Court.  The revised Bill of Costs shall be submitted by July 17.

**SIGNED** this 1st day of July, 2015.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation.

12